UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jason Altheide,<br><br>　　　　Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>　　　　Defendants | Case No. 2:24-cv-01526-CDS-EJY<br><br>**Order Overruling Plaintiff's Objection, Affirming the Magistrate Judge's Order, Adopting the Magistrate Judge's Report and Recommendation, and Denying the Plaintiff's Motions**<br><br>[ECF Nos. 40, 41, 44, 47, 51, 52, 53, 62, 69, 74, 75] |

Incarcerated pro se plaintiff Jason Altheide brings this civil-rights action under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights. *See* Fifth am. compl., ECF No. 23 at 3. Altheide filed two motions seeking leave to amend his complaint. *See* Mots. for leave, ECF Nos. 40, 75. United States Magistrate Judge Elayna J. Youchah issued a report and recommendation (R&R) that I deny Altheide's motion to amend (ECF No. 40). R&R, ECF No. 41. Altheide objects to Judge Youchah's R&R and appeals her order denying his motion to correct illegal sentences. *See* ECF Nos. 47, 69, 74. Altheide also filed motions for preliminary injunction and temporary restraining order (TRO). Mots., ECF Nos. 44, 52, 53. Altheide moved to deny the defendants' motion to extend time to file a notice of acceptance of service. *See* ECF No. 51. For the reasons set forth herein, I overrule Altheide's objection to the magistrate's R&R,[1] and deny Altheide's appeal. Last, I deny Altheide's remaining motions (ECF Nos. 40, 44, 51–53, 75).[2]

---

[1] Altheide's refiled objection (ECF No. 74) is stricken as duplicative and untimely. *See* LR IB 3-2(a) (a party must file specific written objections to the recommendations within fourteen days.).

[2] I deny Altheide's motion "to not grant a 30 day extension for OAG" (ECF No. 51) because it is moot. Judge Youchah granted the defendants' motion for extension of time five days before Altheide filed his motion. ECF No. 49.

I.      Background[3]

Altheide initiated this action on August 19, 2024. *See* ECF No. 1. In Altheide's fifth amended complaint, he sues multiple defendants for events that took place while he was incarcerated at High Desert State Prison (HDSP) and Ely State Prison (ESP). *See* ECF No. 23 at 3. Specifically, he sues Director James Dzurenda, Deputy Director Brian Williams, Warden William Gittere, Director Charles Daniels, Officer Siera, Caseworker Prentis, Caseworker Anakur, Officer Wesling, Officer Lima, Associate Warden Cooke, Caseworker Hernandez, Lt. Rigney, Lt. Moreda, and Lt. Homan. *Id.* at 1–3. Altheide brings the following claims: (1) Eighth Amendment excessive force claim, (2) Fourteenth Amendment intentional deprivation of property claim, and (3) two Fourteenth Amendment due process segregation claims. *See generally id.* He seeks monetary and unspecified other relief this court finds "fair." *Id.* at 12.

Altheide's excessive use of force claim alleges that on October 12, 2022, when he exited the shower, Officer Siera shot his right foot with a 40mm gun. *Id.* at 4, ¶ 4. He further alleges that Siera shot him "without cause," and that after this incident, his right foot was severely injured, which caused him difficulty when trying to walk or stand. *Id.*

As to Altheide's due process claims, he alleges that prison officials segregated him from the general population, and that defendants Anakur and Prentis failed to provide him with a written notice before moving him to the segregated unit. *Id.* at 6, ¶ 4. He further alleges that the defendants did not hold a hearing within 72 hours of his placement into segregation as required by Administrative Regulation (AR) 507. *Id.* As alleged, Altheide had less access to outdoor exercise, and his access to the law library was limited, while in the segregation unit. *Id.* Altheide further alleges that Daniels, Gittere, and Dzurenda were the officials who "bi-passed statute deadlines" for disciplinary hearings in violation of Nevada Revised Statutes § 209.369(3)(b). *Id.* When Altheide ultimately had his disciplinary hearings, they were held almost six months after

---

[3] Unless otherwise noted, the court only cites to Altheide's fifth amended complaint (ECF No. 23) to provide context to this action, not to indicate a finding of fact. The fifth complaint is the operative complaint. *See* Order, ECF No. 28 at 8.

2

his placement into the segregation unit, and the officials who conducted the hearings—Moreda, Lima, and Wesling—lacked the proper rank and authority to lead them, in violation of AR 707.1. *Id.* at 6–7, ¶ 4. Altheide also alleges that Williams did nothing to remedy the improper hearings when he filed grievances about them. *Id.* at 7.

Although not wholly clear from the fifth amended complaint, Altheide also seemingly alleges that Dzurenda created a policy (AR 245) that requires inmates to pay for medical expenses even if the inmates tried to refuse the treatment. *Id.* at 8, ¶ 4. On February 16, 2023, Altheide attempted to deny treatment but was sent to the hospital for a non-emergency. *Id.* He was allegedly charged $983.70 for this medical treatment. *Id.*

Altheide also alleges that after being transferred to another prison, he was still placed in a segregated unit. *Id.* at 9, ¶4. He alleges that the prison officials at the new prison failed to conduct proper hearings before placing him in segregation, that "all" defendants kept him in segregation without the proper authority, and improperly prolonged his placement. *Id.* at 9–10.

After reviewing Altheide's fifth amended complaint, I entered a screening order allowing the following claims to proceed: (1) his Eighth Amendment excessive force claim against defendant Siera; (2) his Fourteenth Amendment intentional deprivation of property claim against Dzurenda; and (3) his Fourteenth Amendment due process segregation claim against Williams, Dzurenda, Homan, Rigney, Hernandez, Cooke, Gittere, Daniels, Anakur, Prentis, Moreda, Lima, and Wesling. ECF No. 28 at 9.

**II.   Discussion**

   **A.  I overrule Altheide's objection to the R&R (ECF No. 47).**

Where a party objects to a magistrate judge's findings and recommendations, the court "shall make a de novo determination of those portions of the report which objection is made." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* Fed. R. Civ. P. 72(b)(3). A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The standard of

review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion. *Reyna-Tapia*, 328 F.3d at 1121 (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise").

Judge Youchah issued a report and recommendation that I deny Altheide's motion for leave and that the fifth amended complaint remain the operative complaint. ECF No. 41 at 5. Specifically, Judge Youchah found that Altheide's conclusory statements were insufficient to satisfy the first and second prongs of an Eighth Amendment claim. *Id.* at 3. In other words, he did not plead sufficient facts to state a facial violation of the Eighth Amendment based on temporarily housing him in segregated units. *Id.* at 4.

Altheide timely filed an objection to the R&R, asserting that the court missed that he amended "[g]round 4" to clarify liberty deprivations. ECF No. 47. Altheide explains that he moved to amend his complaint because his fourth claim asserts that "the AR(s)" prohibits staff's authority to "non-temporarily" segregate the mentally ill. *Id.* Altheide also asserts that ARs give rise to claims under the Eighth and Fourteenth Amendments because he is still seriously mentally ill. *Id.* He argues that this court should "reverse recommendation to deny and grant leave to amend." *Id.* at 2. Altheide also requests that the clarifications in his objections be incorporated to the "SAC or allowed to be placed in seventh amended" complaint. *Id.*

The magistrate judge properly recommends denying Altheide's motion for leave to amend his complaint. I therefore overrule Altheide's objection and deny his request for the information contained in the objection to be incorporated into a seventh amended complaint. The court has already liberally applied Fed. R. Civ. P. 15. Indeed, Altheide has filed five amended complaints.[4]

---

[4] The court notes that Altheide recently filed another motion for leave to amend his complaint, which he contends is the seventh request. *See* ECF No. 75 (filed on November 12, 2025). Defendants' filed their response, arguing that Altheide's motion is not supported by points and authorities and fails to address any of the factors the court must consider when granting leave to amend. ECF No. 84. I find that Altheide's reasoning for requesting such relief in the instant motion is identical to his prior motion. For the same reasons set forth in the R&R, and adopted here, I deny Altheide's motion for leave to amend.

4

Further, Judge Youchah properly determined that Altheide's reasoning is insufficient given the need for this case to move forward. *See* ECF No. 41 at 4. In Altheide's motion for leave to amend, he asserts that he was not able to previously address a claim but there is another violation under the Eighth Amendment that he seeks to raise, and that there is good cause to grant his motion. *See* ECF No. 40. But a desire to add more complaints or claims alone is insufficient to grant the request he seeks. I concur with Judge Youchah: "[p]ro se litigants are not entitled to endless opportunities to amend their pleadings." ECF No. 41 at 4 (citing *Dean v. S. Cal. Edison*, 2013 WL 12143173, at *3 (C.D. Cal. Sep. 17, 2013)). This court has limited resources that can be reasonably expended on one plaintiff's repeated efforts to amend a complaint. Accordingly, Altheide's objection is overruled. I therefore accept and adopt the R&R in its entirety, so Altheide's motion for leave to amend his complaint is denied.

  **B. I deny Altheide's appeal of the magistrate judge's order and affirm the order in full (ECF Nos. 62, 69).**

  Magistrate judges may hear and determine any pretrial matter pending before the court. 28 U.S.C. § 636(b)(1)(A). Under this district's local rules, a party may appeal a magistrate judge's ruling on a pretrial matter by filing written objections and "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(a), (b); Fed. R. Civ. P. 72(a). A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (cleaned up). A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake

has been committed" or a relevant statute, law, or rule has been omitted or misapplied. *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

Judge Youchah properly denied Altheide's motion to correct illegal sentences. *See* ECF No. 62. As set forth in his motion, Altheide is requesting the court to intervene in the state court's adjudication of his pending motion, but as explained in Judge Youchah's order, the *Younger* abstention doctrine is implicated. *Id.* (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). His ongoing state criminal proceedings implicate important state interests, so it would be improper for this court to interfere with that action. Further, state proceedings provide Altheide with proper channels to raise his claims. Last, the court does not have jurisdiction to compel the state court to handle plaintiff's claims in a speedier manner.

In Altheide's appeal, he asserts that he "may have suffered a misunderstanding as [he] intended [ECF No. 58] to be construed as [a] request for [the] court to order [the] clerk to E-file the . . . Motion of Notice of Appeal to State Supreme Court [because the] clerk and 5th JDC refuses to file [his] pro se appeals on motions to correct." ECF No. 69 at 1. Altheide only cites "Nevada Rule #13 (3)," which does not apply here, to support his requested relief. He contends that the judge who illegally sentenced him refuses to correct what he is responsible for. *Id.* Altheide requests that this court order the clerk to e-file the Notice of Appeal to Supreme Court, and order the local FBI to investigate "Title 18 § 241 & § 242" rights violations. *Id.* at 1–2.

Neither of these bases warrant granting Altheide's appeal. First, his appeal fails to include any applicable points and authorities to support his argument, thus he fails to demonstrate that the order is clearly erroneous or contrary to the law. Altheide's sole ground for filing his appeal is that the court "misunderstands" the relief being requested. Even liberally construing Altheide's filing, a misunderstanding is insufficient to grant the relief he seeks. Further, Altheide's appeal lacks any authority supporting his request that this court order a federal agency to conduct an investigation at his behest. The Ninth Circuit has long held that federal courts lack the authority to direct or compel investigations. *See United States v. Chavez*, 566

F.2d 81, 81 (1977) (holding that federal courts lack the authority to conduct investigations or compel agencies to do so as that would infringe upon the executive branch's discretion).

Thus, Judge Youchah correctly denied Athleide's motion. Even Altheide acknowledges that this court "lacks jurisdiction." *See* ECF No. 69 at 1. Indeed, this court does not have jurisdiction to compel the state court to handle a plaintiff's claims in a speedier matter. *See generally Clark v. State of Wash.*, 366 F.2d 678, 681–82 (9th Cir. 1966). Accordingly, Altheide's appeal is denied, and Judge Youchah's order is affirmed in full.

### C. I deny Altheide's motions for a preliminary injunction and TRO (ECF Nos. 44, 52, 53).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted)). To obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (quoting *All. for the Wild Rockies*, 632 F.3d at 1135) (citation modified).

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the same factors that guide the evaluation of a request for preliminary injunctive relief. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions "substantially identical").

Altheide filed three separate motions seeking a TRO and preliminary injunction. *See* ECF Nos. 44, 52, 53. I deny all three motions without prejudice because each motion fails to cite any points and authorities in support of the relief he seeks. As a result, under Local Rule 7-2(d), Altheide consents to the motions being denied. *See* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). Further, the motions fail to cite, much less, address the *Winter* factors. Instead, the motions merely lodge complaints against individuals and summarily asserts violations of law and ARs. Stated otherwise, the motions do not meet the requirements to show he is entitled to a preliminary injunction or TRO, so Altheide's motions are denied.

### III. Conclusion

IT IS HEREBY ORDERED that Altheide's objection **[ECF No. 47]** is **OVERRULED**. The magistrate judge's report and recommendation **[ECF No. 41] is accepted and adopted in its entirety**, so Altheide's motion for leave to amend **[ECF No. 40] is DENIED**.

IT IS FURTHER ORDERED that Altheide's motions for preliminary injunction and a temporary restraining order **[ECF Nos. 44, 52, 53] are DENIED**.

IT IS FURTHER ORDERED that Altheide's motion to deny **[ECF No. 51] is DENIED as moot**.

IT IS FURTHER ORDERED that Altheide's appeal of the magistrate's order **[ECF No. 69] is DENIED**, therefore Judge Youchah's October 2, 2025 order **[ECF No. 62] is affirmed in full**.

IT IS FURTHER ORDERD that Altheide's duplicative objection **[ECF No. 74] is STRICKEN.**

IT IS FURTHER ORDERED that Athleide's motion for leave to file a seventh amended complaint **[ECF No. 75] is DENIED**.

Dated: December 4, 2025

_____
Cristina D. Silva
United States District Judge