UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jason Altheide, | Case No. 2:24-cv-01526-CDS-EJY |
| Plaintiff | **Order Denying Plaintiff's Motion for Relief, Motion for a Preliminary Injunction and Temporary Restraining Order, Motion for Leave to File Document, and Motion for a Ruling** |
| v. | |
| James Dzuerda, et al., | |
| Defendants | [ECF Nos. 91, 100, 101, 106, 113, 131] |

Incarcerated pro se plaintiff Jason Altheide brings this civil-rights action under 42 U.S.C. § 1983. *See* Fifth am. compl., ECF No. 23. Altheide has filed several motions seeking various forms of relief. Altheide filed a motion for relief from this court's prior order (ECF No. 87). Mot. for relief, ECF No. 91.[1] Altheide filed two motions for preliminary injunction (PI), and a motion for a temporary restraining order (TRO). *See* Mots., ECF Nos. 100–01, 113.[2] Related to his motion for a preliminary injunction, Altheide also filed a motion for leave to supplement. Mot. for leave, ECF No. 106.[3] On March 31, 2026, Altheide filed a motion for a ruling. *See* Mot. for ruling, ECF No. 131.[4] For the reasons set forth herein, I deny Altheide's motions.

I.    Background

The parties are familiar with the background of this case. I only include and address information relevant to resolving the pending motion before the court. I incorporate by reference the factual background from my prior order. *See* Order, ECF No. 87 at 2–3.

---

[1] Responses for this motion were due by December 29, 2025. To date, no opposition or response has been filed. As such, this motion is fully briefed.

[2] The defendants filed responses. *See* Resps., ECF Nos. 111, 112, 123. Altheide's second preliminary injunction (ECF No. 113) is fully briefed. *See* Reply, ECF No. 124.

[3] Responses for this motion were due by February 20, 2026. To date, no opposition or response has been filed. As such, this motion is fully briefed.

[4] Because Altheide seeks a ruling on his motions (ECF Nos. 100, 113), and the court resolves those motions in this order, so I do not require a response from the defendants. Accordingly, Altheide's motion for a ruling is denied as moot.

II.      Discussion

    A.  **Altheide's motion for relief from this court's order (ECF No. 91) is denied.**

Altheide moves for relief under Federal Rule of Civil Procedure (FRCP) 60 from the court's prior order (ECF No. 87) overruling his objection (ECF No. 47) to the report and recommendation (ECF No. 41). ECF No. 91 at 2. Therein, Altheide asserts that there was an "oversight and omissions." *Id.* Altheide further asserts that the court erred because the time in segregation is limited to temporary segregation per Administrative Regulation (AR) 707.01. *Id.* Altheide also argues that his objection was unopposed, and that the defendants' failure to respond constitutes an admission. *Id.*

I deny Altheide's motion for two reasons. First, Altheide provides no points and authorities to support his requested relief. *See* Local Rule 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). As such, on this basis alone, I can deny his motion. I nonetheless address his arguments.

Second, I deny the motion because Altheide fails to meet his burden demonstrating reconsideration is warranted. I construe the filing as one for reconsideration because Altheide is seeking relief pursuant to FRCP 60. *See* ECF No. 91 at 2.[5] Rule 60(b) provides for reconsideration upon demonstrating "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4); a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify such relief." *Brandon Blue v. NFL*, 2025 U.S. Dist. LEXIS 46452, at *5 (C.D. Cal. Jan. 28, 2025) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). In this district, motions for reconsideration are governed by Local Rule 59-1. *See* LR 59-1(a) (explaining that a party seeking reconsideration under this rule must

---

[5] Altheide asserts in the final page of his motion that the court "should grant relief [pursuant to] FRCP #60(a)." ECF No. 91 at 3. Because FRCP 60(a) involves the court's authority to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in" an order, I find that it is inapplicable to the arguments raised by Altheide. Rather, I liberally construe his motion to arise under Rule 60(b).

state with particularity the points of law or fact that the court has overlooked or misunderstood).

Even liberally construing his motion, Altheide fails to show that relief is warranted. Altheide argues that he was entitled to protections because his prior objection addressed restrictions for segregating inmates who are mentally ill. But the crux of Altheide's argument rests on his disagreement with the court's conclusion and his desire to relitigate arguments that the court has already considered, *see* ECF No. 87 at 4–5, neither of which are grounds for reconsideration.

Further, Altheide also argues that the court erred because his objection was unopposed, so it constituted an admission by the defendants. But Altheide provides no support for this argument, other than citing FRCP 8(b)(6). FRCP 8 is inapplicable to his argument because FRCP 8 concerns complaints filed with the court. *See* Fed. R. Civ. P. 8 (requiring that pleadings clearly and concisely set forth allegations sufficient to provide a defendant with notice). And a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Ninth Circuit has consistently emphasized that de novo review means "review is independent, with no deference given to the trial court's conclusion." *In re Deitz*, 760 F.3d 1038 (9th Cir. 2014). In light of his objection, the court conducted the required de novo review and determined that the magistrate judge's conclusions were correct. Altheide fails to demonstrate this court's order warrants reconsideration, so his motion for relief under Rule 60(b) is denied.

3

**B.  Altheide's remaining motions (ECF Nos. 100, 101, 106, 113).**

*1.  Altheide's motion for leave to supplement his PI is denied (ECF No. 106).*

I first address Altheide's motion for leave to supplement his PI. ECF No. 106. Therein, Altheide asserts that, "LR 7.2(g) allows Altheide" to file a motion "for leave to supplement [ECF No. 100] with attached memo and [a]uthorities," and further that he is making this motion in "good faith." *Id.* While Local Rule 7.2(g) allows this court to grant leave so a party may supplement their motion, there must be a showing of **good cause.** *See* LR 7-2(g) (stating that a party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause). "Good cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP,* 526 F. Supp. 3d 805, 812 (D. Nev. 2021) (citing *Hunt v. Washoe Cty. Sch. Dist.,* 2019 WL 4262510, at *3 (D. Nev. Sep. 9, 2019)). Here, Altheide's motion for leave—which is a total of two sentences— fails to address good cause. Moreover, it is unclear what Altheide seeks to supplement. Consequently, the motion is denied.

*2.  Altheide's motions for TRO and PI are denied (ECF Nos. 100, 101, 113).*

Altheide filed three separate motions seeking a TRO and preliminary injunction.[6] *See* ECF Nos. 100, 101, 113.[7] I deny all three motions without prejudice because each motion fails to cite any points and authorities in support of his motion. *See id.* Indeed, similar to his previous motions seeking the same relief (ECF Nos. 44, 5, 53), these motions fail to address the *Winter* factors. Instead, the motions merely lodge complaints against the defendants and summarily asserts violations of law and ARs, without any clarity as to why Athleide is entitled to that relief

---

[6] The court previously explained the standard for issuing a PI and a TRO in an order addressing Altheide's previous motions. ECF No. 87 at 7–8. I incorporate that standard as if fully set forth herein.

[7] ECF Nos. 100 and 101 are identical filings. For efficiency, and because the standards for evaluating both motions are the same, I only cite to ECF No. 100 herein. *See Chandler v. Williams,* 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010) (discussing that the standard for issuing a preliminary injunction is "essentially identical" to the standard for issuing a temporary restraining order (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001))).

in this action.[8] Stated otherwise, the motion fails to show Altheide is likely to succeed on the merits, how he is likely to suffer irreparable injury in the absence of injunctive relief, how the balance of equities tips in his favor, or how an injunction is in the public interest. Because the motions do not meet the requirements showing he is entitled to a PI or TRO, Altheide's motions are denied.[9]

## III.    Conclusion

IT IS HEREBY ORDERED that Altheide's motion for relief **[ECF No. 91]**, motions for a temporary restraining order and preliminary injunction **[ECF Nos. 100, 101, 113]**, and motion for leave **[ECF No. 106] are DENIED.**

IT IS FURTHER ORDERED that Altheide's motion for a ruling **[ECF No. 131] is DENIED as moot.**

Dated: April 9, 2026

_____
Cristina D. Silva
United States District Judge

---

[8] A review of the motions seemingly suggests Altheide is attempting to either add additional allegations to the underlying complaint because it discusses grievances from 2023 or attempting to seek an additional form of relief based on alleged violations of the law, without complying with the rules for amending pleadings.

[9] Altheide is advised that his pro se status does not mean he can disregard the rules of the court. In fact, all litigants, including those appearing pro se, must comply with the Federal Rules of Civil Procedure and the District of Nevada's Local Rules of Practice. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules"). Altheide is further advised that he must comply with the rules and orders of this court, to include the Local Rules and the Federal Rules of Civil Procedure.