UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jason Altheide, | Case No. 2:24-cv-01526-CDS-EJY |
| Plaintiff | **Order Striking Emergency Designation and Denying Plaintiff's Motion for a Preliminary Injunction** |
| v. | |
| James Dzuerda, et al., | |
| Defendants | [ECF No. 137] |

Incarcerated pro se plaintiff Jason Altheide brings this civil-rights action under 42 U.S.C. § 1983. *See* Fifth am. compl., ECF No. 23. On June 8, 2026, Altheide filed a motion for preliminary injunction. Mot., ECF No. 137.[1] For the reasons set forth herein, I deny Altheide's motion and strike the motion's "emergency" designation.

**I.    Discussion**

Altheide filed an emergency[2] motion for preliminary injunction (PI). ECF No. 137. I deny Altheide's motion without prejudice because it fails to cite any supporting points and authorities. *See id.* Indeed, similar to his previous motions seeking a temporary restraining order and PI (ECF Nos. 44, 52, 53, 100, 101, 113), his present motion (ECF No. 137) fails to address the *Winter* factors.[3] Instead, the motion merely lodges complaints against the defendants and

---

[1] Due to the requested relief and lack of support of authorities, I do not require a response from the defendants to resolve this motion.

[2] I note that Altheide's motion does not comply with the Local Rules to deem this motion an emergency. The local rules of this district provide the court with the sole discretion to determine whether an "emergency" motion is, in fact, an emergency. *See* Local Rule 7-4(c). The emergency motion does not address why it is considered an emergency, so the emergency designation is stricken.

[3] The court previously explained the standard for issuing a PI and a TRO in an order addressing Altheide's previous motions. ECF No. 87 at 7–8. I incorporate that standard as if fully set forth herein.

summarily asserts alleged violations of Nevada Revised Statutes §§ 208.3683(1)(a) and 208.3685(2),[4] without any clarity as to why Altheide is entitled to that relief in this action.[5]

Stated otherwise, the motion fails to show Altheide is likely to succeed on the merits, how he is likely to suffer irreparable injury in the absence of injunctive relief, how the balance of equities tips in his favor, or how an injunction is in the public interest. Because the motion does not meet the requirements showing he is entitled to a PI, Altheide's motion is denied.[6]

**II.    Conclusion**

IT IS HEREBY ORDERED that the "emergency designation" is stricken and Altheide's motion for preliminary injunction **[ECF No. 137] is DENIED.**

Dated: June 11, 2026

_____
Cristina D. Silva
United States District Judge

---

[4] From Altheide's motion, it is unclear which specific statutes he is relying on.

[5] A review of the motions suggests Altheide is attempting to assert that he is maliciously in solitary confinement, his solitary confinement is supposed to be limited, but "solitary and reclass is/has been illegally denied." ECF No. 137 at 2. However, it remains unclear what relief from the court he is attempting to seek through his motion.

[6] Altheide again is advised that his pro se status does not mean he can disregard the rules of the court. In fact, all litigants, including those appearing pro se, must comply with the Federal Rules of Civil Procedure and the District of Nevada's Local Rules of Practice. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules"). Altheide must comply with the rules and orders of this court, to include the District of Nevada's Local Rules of Practice and the Federal Rules of Civil Procedure. Failure to do so will result in sanctions.

2