UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JASON ALTHEIDE,

   Plaintiff,

  v.

JAMES DZUERDA, et al,

   Defendants.

Case No.: 2:24-cv-01526-CDS-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Appointment of Counsel.  ECF No. 139. In his Motion, Plaintiff argues that counsel should be appointed because he is indigent, has limited law library access, limited ability to litigate, and believes this case will proceed to trial.  *Id.*

As a general proposition, a civil litigant has no right to counsel.  *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Under "exceptional circumstances" a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005).  When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds Plaintiff fails to establish the extraordinary circumstances that support appointment of counsel.  The lack of adequate legal knowledge, even assuming a case is complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations."  *Zamaro v. Moonga*, 656 Fed.Appx 297, 299 (9th Cir. 2016).  And, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation."  *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989).  *See also Perez v. Nash*, Case No. 21-cv-00075-RFB-VCF; *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that prisoner litigants' lack of a legal education does not constitute exceptional

circumstances).  Further, indigence and limited law library access are circumstances common to most prisoners and do not establish extraordinary circumstances.  *See Baker v. Macomber*, Case No. 2:15-cv-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

In *Newton v. Wintersteen*, Case No. 2:16-cv-01705-RFB-PAL, 2017 WL 3469270, *2 (D. Nev. Aug. 9, 2017), Judge Leen explained,

> The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small.

Because this is the reality under which the Court must operate, appointment of counsel in this case, at this time, is unwarranted.  The Court understands Plaintiff's concerns about going to trial without the assistance of counsel.  However, until then, the Motion is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 139) is DENIED without prejudice.

DATED this 17th day of June 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE